Filed 6/2/15 P. v. Gonzalez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>REFUGIO GONZALEZ,<br><br>　　　Defendant and Appellant. | B258674<br><br>(Los Angeles County<br>Super. Ct. No. KA103527) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge. Affirmed.

　　　Melissa A. Fair, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

_____

Refugio Gonzalez was convicted by a jury of grand theft and burglary. The trial court sentenced him to four years in prison. He appeals from the judgment of conviction. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*

In August 2013, Trang Huynh hired appellant Gonzalez to install an air conditioning system in the El Monte home she shared with her parents. Trang and her mother, Jenny Huynh,[1] noticed that Gonzalez engaged in "unusual activities" during the installation. Among other things, when Gonzalez worked in the bedrooms, he kept the doors closed. He left installation of the bedroom air vents for last, giving him an excuse to continue going into the bedrooms. After Jenny caught Gonzalez in Trang's bedroom with the door locked, she became suspicious and checked her bedroom to see if anything was missing. She discovered her 18-karat gold necklaces, a pendant, and a bracelet were missing from her bedroom; they had been stored in a jewelry box she kept in her nightstand. She had purchased the jewelry for approximately $1,700. Jenny also discovered that $700 in cash was missing from her purse, which was also kept in the bedroom.

Jenny alerted Trang to the thefts. Trang checked her own bedroom and discovered that a gold Rolex watch and a seven-piece bangle bracelet set were missing from a locked file cabinet. The watch was valued at approximately $20,000; the bracelets were worth approximately $1,500.

Trang purchased a video surveillance camera system and surreptitiously placed the cameras in her and her parents' bedrooms. Watching a live feed from the cameras, Trang observed Gonzalez in her parents' bedroom. He searched her mother's jewelry box, looked under the bed, and opened drawers. A videotape of these activities, taken from the surveillance system, was played for the jury. Trang also saw, via a live feed from the

---

[1] For ease of reference, and with no disrespect, we refer to the Huynhs by their first names.

camera in her own room, Gonzalez going through Trang's drawers and cabinets and attempting to open the file cabinet. However, the video system did not record Gonzalez's activities in Trang's room.

Trang called the police, but before they arrived Gonzalez approached her, stated that he had "messed up," and admitted taking some of the jewelry. He promised to return the items. Out of concern for Gonzalez's family, Trang cancelled her request for police assistance and agreed to drop the matter if Gonzalez returned the stolen items within 48 hours. When he failed to do so, she reported the thefts to police.

2. *Procedure*

Trial was by jury. Gonzalez was convicted of grand theft of personal property exceeding $950 (Pen. Code, § 487, subd. (a))[2] and the first degree burglaries of Trang and Jenny (§ 459). The trial court sentenced Gonzalez as follows. On count 3, burglary, the base count, it imposed the midterm of four years. On count 1, grand theft, it imposed the midterm of two years, stayed pursuant to section 654. On count 4, burglary, it imposed a concurrent term of four years. It imposed a restitution fine of $800 (§ 1202.4, subd. (b)); a suspended parole restitution fine in the same amount (§ 1202.45); a court operations assessment of $120 (§ 1465.8, subd. (a)(1)); a criminal conviction assessment of $90 (Gov. Code, § 70373); a crime prevention programs fine, a penalty assessment, and a state surcharge ($41, §§ 1202.5, 1464, 1465.7); and a booking fee. It also ordered Gonzalez to pay victim restitution in the amount of $23,900. (§ 1202.4, subd. (f).) The court awarded Gonzalez 38 days of actual custody credit and 38 days of conduct credit, for a total of 76 days.

Gonzalez filed a timely notice of appeal on August 28, 2014. This court appointed counsel to represent Gonzalez on appeal.

---

[2]     All further undesignated statutory references are to the Penal Code.

3

DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues, and requested this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442.  On February 27, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider.  No response has been received to date.

We have examined the entire record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at p. 445.)

DISPOSITION

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.


We concur:



KITCHING, Acting P. J.



EGERTON, J.*

---

*      Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.

4